IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MILES BROOKS-WASHINGTON,** | : | Civil No. 3:12-CV-1982 |
| | : | |
| Plaintiff, | : | |
| | : | (Judge Caputo) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **JOHN DOE, et al.,** | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

This is a civil rights action brought by Miles Brooks-Washington, a state inmate. (Doc. 1.) The Plaintiff's complaint was initially filed in the United States District Court for the Western District of Pennsylvania, but was transferred to this Court on October 1, 2012. (Doc. 2.) Brooks-Washington has now filed a notice of voluntary dismissal, (Doc. 7.), which states that he is "writing in hopes to withdrawl [sic] my . . . case." (Id.) Consistent with the plain language of this pleading, we liberally construe this document as a motion pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure seeking to voluntarily dismiss this complaint without prejudice. Construed in this way, for the reasons set forth below, we believe

that the Plaintiff is entitled to request that his own case be dismissed. Therefore, it is recommended that the motion to dismiss be granted.

**II.     Discussion**

Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides as follows

**(a) Voluntary Dismissal.**

**(1)** *By the Plaintiff.*

**(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

**(I)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.

F.R.Civ. P., Rule 41(a)(1)(i).

In this case no answer or summary judgment motion has been filed. Therefore, Brooks-Washington should be permitted under Rule 41 to dismiss this case without further leave of court.

**II.     Recommendation**

For the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be DISMISSED and the case CLOSED.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 24th day of October 2012.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge